# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
v.
_Derrick T. Haywood_
　　　Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30107

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

MAR 12 2014
CLERK'S OFFICE
DETROIT

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

3/12/2014
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Derrick Haywood Order of Detention

Defendant is charged by way of criminal complaint with Felon in Possession of a Firearm. He is 36 years old, unemployed, single, with two children. He has been residing at 14420 Hendricks with his girlfriend, Ms. Soyita Hinds, and her two children, ages six and eighteen, since January 2013. Defendant has family ties to the district which include his mother, siblings, and extended family.

Defendant admits to daily drug use which includes both prescription opiates and marijuana. He also admits to binge drinking alcohol regularly, consuming 2 - 4 bottles of wine, twice weekly, drinking until he blacks out. He has no history of substance abuse treatment.

Defendant also admits to a history of mental health issues, and has been hospitalized in the past for same. In 2009 he attempted suicide by using a sharp instrument to cut himself. He declined mental health treatment at the current time, stating that he is not experiencing any active symptoms.

A criminal history check discloses that Defendant has had multiple felony convictions for drug related charges and weapons charges. Specifically he was convicted of delivery and manufacture marijuana in 1998 at the age of 21 and sentenced to jail time. Two months later he was convicted of resisting and obstructing a police officer and was sentenced to 12 months probation. On 3/08/1999 a warrant was issued for violation of probation and four months later probation was terminated without improvement.

On 12/01/99 Defendant was charged with Controlled Substance, Deliver/manufacture (narcotic or cocaine). He was sentenced to probation, violated his probation, was ordered to show cause, and on 3/18/99 was sentenced to a term of jail at the Wayne County Jail.

Defendant continued on a course of failing to abide by the court's orders and continued to violate the terms of his probation from 1999 - 2008. By way of example, on 7/7/99 and amended order of probation was signed; on 2/9/2001 a warrant was issued for violation of probation; on 9/28/2001 Defendant pled guilty to violation of probation and was sentenced; pm 10/7/2002 Defendant was arraigned on a violation of probation; on 10/31/2002 Defendant failed to appear at the violation hearing; on 4/11/2003 Defendant appeared for a violation hearing; on 4/23/2003 and Amended Order of Probation was signed; on 6/17/2004 a warrant issued for violation of

probation; on 8/18/2004 Defendant was arraigned on Violation of Probation and probation was continued; on 11/29/2004 a warrant issued for Violation of Probation; on 3/4/2008 probation was closed and Defendant was committed to the Wayne County Jail; on 8/18/2004 Defendant was arraigned on Violation of probation and probation was continued; on 3/4/2008 Defendant was arraigned on Violation of Probation and probation was terminated and Defendant was sentenced to the Wayne County Jail.

In addition on March 19, 2003 Defendant was convicted of Delivery and Manufacture of Controlled Substance (narcotic or cocaine) and on 4/24/2003 was sentenced to 36 months probation (which he violated, see above). Other convictions include Possession of Marijuana on 3/1/2008 for which Defendant was sentenced to the Wayne County Jail and CCW for which Defendant was sentenced on 4/3/2009 to 24 months incarceration.

Pretrial Services recommends detention and concludes that Defendant poses a risk of flight for multiple reasons, including his mental health history, substance abuse history, criminal history including a record of failing to appear, criminal activity while under supervision, lack of employment, pretrial, probation, parole or supervised release status and failures to comply, and his criminal history.

The Court finds that a preponderance of the evidence establishes that Defendant poses a flight risk.

Pretrial Services recommends Detention on the basis of Defendant's danger to the community based upon the nature of the instant offense, prior arrests and convictions, substance abuse history, mental health history, pretrial, probation, parole or supervised release status and failures to comply, criminal history while under supervision, history of weapons use, pattern of similar criminal activity history and Defendant's criminal history.

This Court finds that there is clear and convincing evidence that Defendant poses a risk of danger to the community.

A search warrant that was executed at Defendant's residence on March 9, 2014 produced $25,000 in cash stashed by Defendant's clothing and a weapon.

There is no condition or combination of conditions that would assure Defendant's appearance in court or the safety of the community. Detention is Ordered.